## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| DAVID COOK, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 19-cv-02119-CSB-EIL |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF VETERANS AFFAIRS, AND | ) |
| ROBERT WILKIE, SECRETARY OF THE | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERANS AFFAIRS, | ) |
| | ) |
| Defendants. | ) |

### PROTECTIVE AGREEMENT

Now come Plaintiff, David Cook, M.D., by his attorneys, the Goldberg Law Group, LLC, and Defendants, United States Department of Veterans Affairs and Robert Wilkie, Secretary of the United States Department of Veterans Affairs, by Hilary W. Frooman, Assistant United States Attorney for the Central District of Illinois and agree to the terms set forth in this Protective Agreement due to the sensitive nature of relevant discovery in this proceeding.

1.  In order to protect individually identifiable health information entitled to be kept confidential, and to facilitate the disclosure of individually identifiable health information sought for purposes of this action, in accordance with the terms and conditions of 45 C.F.R. § 164.512(e)(1)(ii)(B) and (e)(1)(v), the parties have agreed:

   a.  As used in this Agreement, the term "protected health information" is synonymous in meaning and equal in scope to the usage of this term in 45 C.F.R. §

164.501.

    b.    The term "documents," as used in this Agreement, is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and shall include, without limitation, all writings, drawings, graphs, charts, photographs, phone records, data compilations from which information can be obtained or translated, and any other recorded (including electronically recorded) or graphic matter whatsoever.

    c.    Any document or record disclosed as part of the discovery process herein that includes protected health information is protected and need not be specifically designated "Confidential" should it contain or reflect protected health information. All such information is considered "Confidential."

    d.    The parties may use or disclose Confidential information produced in the course of the proceedings herein, and any information derived therefrom, including, but not limited to, extracts, summaries, memoranda, and correspondence quoting or containing information solely for the purpose of the prosecution or defense of this action, and for no other purpose.

    e.    The parties shall allow no person to have access to Confidential information, nor shall any person be informed of the substance of Confidential information, except as otherwise provided in this Agreement or by further order of the Court.

    f.    The parties shall not disclose or distribute Confidential information to any person or entity other than the following:

        (1)    the parties to this action, as well as employees of and the attorneys for the parties (including their paralegals, clerical and other assistants) who have a clear need for access to Confidential information in connection with this action;

and outside contractors hired to copy, image, index, sort, or otherwise manage the storage and retrieval of case materials;

  (2) persons retained by a party or its counsel to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action, provided Counsel for either Plaintiff or Defendant have described the Confidential nature of the information disclosed and are confident such persons understand the Confidential nature of the information disclosed;

  (3) persons with factual knowledge relating to the case in the course of an interview, deposition, or testimony, in the reasonable and good faith belief of counsel that examination with respect to the Confidential information is necessary or appropriate for the prosecution or defense of the case;

  (4) stenographers engaged to transcribe depositions conducted in this action; and

  (5) the Court and its support personnel.

 g. All Confidential information that is filed with the Court, and any pleadings, motions, exhibits, or other papers filed with the Court disclosing Confidential information, shall be filed under seal and kept under seal until further order of the Court.

 h. The procedures for use of Confidential documents during any hearing shall be determined by the parties and the Court in advance of the hearing. The parties shall consider, where practicable, (1) redacting Confidential documents to remove individual patient identifiers, (2) requesting leave of Court to introduce or submit Confidential information under seal, (3) coding Confidential documents or information to substitute a numerical or other designation for a patient's name or other identifying information,

and/or (4) introducing summary evidence from which individual patient names or other identifying information has been redacted or removed. No party shall disclose Confidential documents or information in open Court without prior consideration by the Court.

    i.    This Agreement shall not preclude any party from contesting the validity or propriety of any claim of confidentiality asserted hereunder by a producing entity. If a disagreement among the producing entity and/or the parties regarding the appropriate designation of documents as Confidential cannot be resolved, then the dispute may be presented to the Court for resolution by motion or otherwise.

    j.    Nothing in this Agreement shall prevent or in any way limit or impair the right of a party to file a motion to unseal any portions of the record for purposes of this litigation. The designated document or information shall continue to be treated as Confidential subject to the provisions of this Agreement pending a ruling to the contrary by the Court.

    THE RECORD IN THIS MATTER

    k.    The parties agree that portions of the record in this matter should remain sealed as they include confidential personal patient information. Of particular concern to the parties is a YouTube video made by "Patient A" and the transcript of said video, which was prepared by the parties for the convenience of the Court. The parties recognize that the Board viewed the video and find it necessary to therefore include the video and/or transcript of the video with the record. The parties agree that said video

and transcript require special protection and shall remain sealed.[1]

The pages with confidential personal patient information by which a patient might possibly be identified should remain sealed unless pursuant to Court Order they are unsealed.

l.  Within sixty (60) days of the resolution of this action by settlement or final judgment, and the termination of any appeal therefrom, the parties shall destroy or return to the producing entity all Confidential documents, and any copies thereof that remain in their possession or control, <u>provided</u>, however, that government counsel may retain one copy of any Confidential documents whose retention counsel determines, reasonably and in good faith, is necessary or appropriate for compliance with the Federal Records Act, 44 U.S.C. § 3101, and its implementing regulations, 36 C.F.R. § 1222.38. In addition, Plaintiff's counsel may retain copies of any Confidential documents or Confidential information which it had in its possession prior to the commencement of this proceeding. Any such retained materials shall be placed in an envelope or envelopes marked "Confidential Information Subject to Protective Agreement," and to which shall be attached a copy of this Agreement.

m.  Nothing in this Agreement shall prevent any party from seeking a modification of, or appropriate relief from, any provision herein.

n.  This Agreement does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible, and does not constitute a ruling on any potential objection to the discoverability of any material.

---

[1] The parties are providing a copy of the transcript of the YouTube video to the Court for the Court's convenience but said transcript was not available to the Disciplinary Appeals Board.

o.  The termination of this litigation shall not relieve any person or party provided Confidential Information of his, her or its obligations under this Agreement.

It is so Stipulated and Agreed by the Parties:

Dated:  5/19/20    /s/ Jenna E. Milaeger
Plaintiff, David Cook. M.D. by
Jenna E. Milaeger, Goldberg Law Group, LLC

Dated:  5/19/20    /s/ Hilary W. Frooman
United States Department of Veterans Affairs and Robert Wilkie, Secretary of the United States Department of Veterans Affairs, by Hilary W. Frooman, Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System, and I hereby certify that a copy of the foregoing document was served by electronic mail, on May 19, 2020, to all counsel of record.

*/s/ Jenna E. Milaeger*
One of Plaintiff's Attorneys

GOLDBERG LAW GROUP, LLC
120 S. Riverside Plaza, Suite 1675
Chicago, IL 60606
Tel.: (312) 930-5600
Fax: (312) 930-0944
jmilaeger@goldberglawoffice.com